|   |   |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES, SERIES 2007-12,<br><br>Plaintiff,<br><br>v.<br><br>REGINA JOHNIGAN, et al.,<br><br>Defendants. | Case No. CV-12-3488-JSC<br><br>**ORDER GRANTING DEFENDANTS' APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND (Dkt. Nos. 2, 10)** |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Now pending before the Court is Plaintiff's motion to remand this unlawful detainer action back to Alameda County Superior Court for lack of subject matter jurisdiction. (Dkt. No. 10.) Pursuant to Civil Local Rule 7–1(b), the Court finds that Plaintiff's motion can be decided without oral argument and VACATES the October 25, 2012 hearing. After careful review of the state court complaint and Plaintiff's motion, the Court finds that this federal court lacks jurisdiction and recommends that Plaintiff's motion to remand be GRANTED. Defendants also filed an application to proceed *in forma pauperis*, which the Court GRANTS. (Dkt. No. 2.)

**BACKGROUND**

1    This action arises from Plaintiff's efforts to evict Defendants from residential property
2    located at 1351 99th Avenue, Oakland, CA 94603. (Complaint ¶ 1.) After Defendants defaulted,
3    Plaintiff purchased this property at a Trustee's Sale. (*Id.* ¶ 6.) On February 22, 2012, Plaintiff
4    filed an unlawful detainer action for less than $10,000 in Alameda County Superior Court
5    based on Defendants' failure to comply with Plaintiff's February 9, 2012 notice to vacate.
6    (*Id.*¶¶ 8–12.) On July 3, 2012, Defendants removed the unlawful detainer action to federal
7    court, alleging the existence of a federal question. (Dkt. No. 1.) Plaintiff subsequently moved to
8    remand. (Dkt. No. 12.) Defendants have not filed any opposition to Plaintiff's motion to
9    remand, and the deadline to do so has since passed. *See* Civil L.R. 7–3(a).

## DISCUSSION

Defendants' Notice of Removal argues removal to federal court is proper pursuant to 28 U.S.C. §1441, 28 U.S.C. §1331, and the Protecting Tenants at Foreclosure Act of 2009, Pub. L. No. 111-22, §702, 123 Stat. 1660 (2009)(codified in the notes following 12 U.S.C. §5220). (Dkt. No. 1.) Defendants' removal pleading does not provide specific analysis as to the appropriate application of these federal law references to the particulars of Defendants' case, though Defendants reference their demurrer filed in state court, which argued that Plaintiff failed to provide Defendants with sufficient notice in violation of the Protecting Tenants at Foreclosure Act. (Dkt. No. 1 at 3-4.). Defendants assert that "[f]ederal question jurisdiction exists because Defendants' answer, a pleading, depend [sic] on the determination of Defendants' rights and Plaintiff's duties under federal law." (Dkt. No. 1 at 3.) Defendants attach the demurrer in question to their Notice of Removal. (Dkt. No. 1 at 31-36.)

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a *cause of action* based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper," and the "removal

1 statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, the original complaint filed in state court reveals no federal statutory or constitutional question. Instead, Plaintiff alleges a single claim against Defendants for unlawful detainer, which is a state law cause of action. *See Federal National Mortg. Ass'n. v. Lopez*, 2011 WL 1465678 * 1 (N.D. Cal. Apr. 15, 2011)(holding removal was improper when defendant asserted a federal question arising from an unlawful detainer action); *GMAC Mortg., LLC v. Rosario*, 2011 WL 1754053 *2 (N.D. Cal. May 9, 2011) (finding no federal question pled in an unlawful detainer action); *Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322 * 2 (N.D. Cal. Jan.21, 2011) (remanding a removed unlawful detainer action back to state court after finding no federal question jurisdiction); *Wescom Credit Union v. Dudley*, 2010 WL 4916578 *2 (C.D. Cal. Nov. 22, 2010)(stating that an "unlawful detainer action does not arise under federal law"); *Aurora Loan Services, LLC. v. Martinez*, 2010 WL 1266887 *1 (N.D. Cal. Mar. 29, 2010)(determining the federal court had no jurisdiction where "plaintiff's complaint clearly states only a cause of action for unlawful detainer" and therefore "does not allege any federal claims whatsoever").

Since Plaintiff's cause of action does not "arise under" federal law, Defendants improperly removed this case to federal court. *See Franchise Tax Bd. of State of Cal. V. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (stating that "under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law"). Defendants' defense of insufficient notice arising under the Protecting Tenants at Foreclosure Act of 2009 does not confer federal jurisdiction. As stated above, an affirmative defense, regardless of merit, does not involve a federal question. *Provincial Gov't of Marinduque*, 582 F.3d at 1086 (noting that "the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must be 'disclosed

3

1  upon the face of the complaint, unaided by the answer'") (internal citation omitted). Even
2  were Defendants to characterize their argument as "a counterclaim, a counterclaim— which
3  appears as part of the defendant's answer, not as part of the plaintiff's complaint— cannot
4  serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air*
5  *Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002). Thus, there is no federal question
6  jurisdiction.

7  Although Plaintiff analyzes diversity jurisdiction in its motion to remand (Dkt. No. 10 at
8  2), Defendants did not claim that diversity jurisdiction applies. In any event, the Court agrees
9  that the amount in controversy is less than $75,000 and that diversity jurisdiction is therefore
10  inapplicable. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322 *2 (N.D. Cal. Jan. 21,
11  2011) (finding no diversity jurisdiction where, as here, Plaintiff's complaint seeks less than
12  $10,000, as stated prominently on the face of the complaint).

13  **CONCLUSION**

14  Since Defendants have not established federal jurisdiction over this action, removal
15  from state court was improper. As not all parties have consented to or declined the
16  undersigned's jurisdiction, the Clerk of the Court is ordered to reassign this action to a district
17  court judge. Based on the foregoing, this Court RECOMMENDS that the newly assigned district
18  court judge GRANT Plaintiff's motion and remand this action back to Alameda County Superior
19  Court. Defendants' motion to proceed *in forma pauperis* is GRANTED.

20  Any party may file objections to this report and recommendation with the district court
21  judge within ten days after being served with a copy. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ.
22  P. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right
23  to appeal the district court's ultimate Order.

24  This Order disposes of Docket No. 2.
25  **IT IS SO ORDERED.**
26  Dated: October 10, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE